IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JIMMIE McNEIL,

        Plaintiff

        VS.

Dr. BESS, PA ROVER,
WILLIAM TERRY, NEWMAN,
BRIAN OWENS, and SHARON LEWIS,

        Defendants

NO. 5:10-CV-95 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# ORDER AND RECOMMENDATION

Plaintiff **JIMMIE McNEIL**, an inmate at Central State Prison in Macon, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also requested to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In a separate Order entered on this same date, the Court has granted plaintiff's motion to proceed *in forma pauperis.*

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States.  See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

A.  CLAIMS AGAINST DEFENDANT EMPLOYED AT PHILLIPS STATE PRISON

Plaintiff McNeil states that he has a history of drug abuse and when he was incarcerated at Phillips State Prison (dates unknown), he was put in a mental health dorm.  He maintains that he purchased Geodon pills from another inmate and overdosed on this medication.

Plaintiff alleges that due to the overdose, Dr. Bess placed him "on involuntary medication and made [him] a level 3 mental health inmate."  He states that Dr. Bess diagnosed him as having undifferentiated schizophrenia.  Plaintiff maintains that Dr. Bess "put [him] on Prolixin shot."  According to plaintiff, Dr. Bess told him that "he would jump on [him] with [the] CERT team if [he] did not take the shot."  Plaintiff alleges that he had to take the shot numerous times and that it has caused an "oculogyric crisis," which was diagnosed by Dr. Johnson (not named as a defendant) in 2008 at Autry State Prison.

Plaintiff claims that in 2009, the Prolixin caused him to "show ocular spots" and he has lost his peripheral vision and that his "eyes lock in an upward position" for several minutes or hours. He avers that Dr. Bess "is well aware of" these side effects from Proloxin and put him on this medication so that he would lose his vision.

A § 1983 plaintiff may set forth only related claims in one civil rights complaint. He may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).

Plaintiff McNeil has failed to show a "logical relationship" between his claim that Dr. Bess at Phillips State Prison, at some unknown time, prescribed a medication that he knew would cause plaintiff to suffer vision problems and his claims that defendants at Central State Prison have failed to provide necessary medical care. Moreover, Phillips States Prison is located in Buford, Georgia, which is in Gwinnett County. Gwinnett County falls within the jurisdiction of the United States District Court for the Northern District of Georgia. The Northern District of Georgia is the proper venue for any potential claims related to plaintiff's incarceration at Phillips State Prison.

Accordingly, the Undersigned **RECOMMENDS** that plaintiff's claims against Dr. Bess should be dismissed, *without prejudice*, so that plaintiff may, if he chooses, bring those claims in the United States District Court for the Northern District of Georgia. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy of this Order.

B. CLAIMS AGAINST REMAINING DEFENDANTS

Plaintiff McNeil claims that he was transferred to Central State Prison in 2009. According to Plaintiff, he saw P.A. Rover who refused to let him see a doctor and told him that he was "alright." Plaintiff alleges that he subsequently learned that Dr. Johnson's diagnosis was not placed in, or was removed from, his medical file. Plaintiff states that his "oculogyric crisis" will worsen without treatment and that he will suffer retinal detachment which in turn will lead to blindness.

Plaintiff states that he personally wrote Medical Director Newman regarding his need for medical care for his eyes and asked her to review his medical file and help him obtain necessary treatment. He claims Ms. Newman has not helped him receive medical care.

Plaintiff has also named Warden William Terry, Commissioner Brian Owens, and Medical Director Sharon Lewis as defendants. He apparently seeks to hold them liable on a *respondeat superior* theory of liability. However, "[i]t is well established that supervisory officials are not liable under [section] 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." **Cottone v. Jenne**, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting **Hartley v. Parnell**, 193 F.3d 1263, 1269 (11th Cir. 1999)). Supervisory liability may occur, however, "either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.* "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." **Brown v. Crawford**, 906 F.2d 667, 671 (11th Cir. 1990), **cert. denied**, 500 U.S. 933 (1991).

4

"Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." *See Nesbitt v. State*, No. 5:05-CV-98, 2006 U. S. Dist. LEXIS 38392 at *8 (N. D. Fla., June 9, 2006) (citing *Wayne v. Jarvis*, 197 F.3d 1098, 1106 (11th Cir. 1999), *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *affd*, 915 F.2d 1574 (6th Cir. 1990), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Knowledge imputed to the supervisor 'must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights'." *Id*. (quoting *Tittle v. Jefferson County Comm'n*, 10 F.3d 1535, 1542 (11th Cir. 1994)).

In the instant case, Plaintiff McNeil does not allege that defendants Warden William Terry, Commissioner Brian Owens, or Medical Director Sharon Lewis personally participated in the alleged unlawful conduct; i.e., failure to treat his oculogyric crisis, or that they directed any subordinate to act in an unconstitutional manner. Moreover, he has not pointed to any policy to deny medical care or to remove medical records from plaintiff's files. Instead, he contends that these defendants should realize there is a problem due to the number of grievances filed by various unnamed inmates regarding a general lack of medical care or inadequate medical care. This is not enough to establish supervisory liability. Accordingly, the undersigned **RECOMMENDS** that defendants Warden William Terry, Commissioner Brian Owens, and Medical Director Sharon Lewis be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy of this Order.

At this time, however, the Court cannot find that plaintiff's claims against PA ROVER and MEDICAL DIRECTOR NEWMAN are completely frivolous; therefore, these claims shall go forward against these two defendants.

5

Accordingly, IT IS ORDERED AND DIRECTED that service be made as provided by law upon defendants ROVER and NEWMAN; that a WAIVER OF REPLY, an ANSWER or such other response as may be appropriate under Rule 12 of the **FEDERAL RULES OF CIVIL PROCEDURE**, 28 U.S.C. §1915, and the *Prison Litigation Reform Act* be filed herein by said defendants as required and permitted by law.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

### ☞ DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determine that discovery has been completed and all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to <u>file</u> original motions, pleadings, and correspondence with the Clerk of court; to <u>serve</u> copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

## DISCOVERY

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANT(S) FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF(S).  THE DEFENDANT(S) SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his/her custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party.  <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

 ### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the **WARDEN** of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall *each month* cause to be remitted to the Clerk of this court **TWENTY PERCENT (20%)** of the preceding month's <u>income</u> credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of court *each month* until the filing fee is paid in full, *provided* the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters.  In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties.  Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞   After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented.  Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS.  Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients.  However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

SO ORDERED AND RECOMMENDED, this 12th day of APRIL, 2010.



                                CLAUDE W. HICKS, JR.
                                UNITED STATES MAGISTRATE JUDGE

9

# ADDENDUM TO ORDER

# NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT.  <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.